UNITED STATES COURT OF APPEALS

**Filed 5/2/96**TENTH CIRCUIT

_____

KEVIN EUGENE SMITH,       )
       )
   Plaintiff-Appellant,   )
       )
   v.       )       No. 96-6001
       )       (D.C. No. CIV-95-432-R)
       )       (W.D. Okla.)
LARRY A. FIELDS, DAVID C. MILLER,   )
MIKE CARR, GARY GIBSON, HENRY   )
TURNER, TROY ALEXANDER, DAN   )
REYNOLDS, RON WARD, JOE SMITH,   )
       )
   Defendants-Appellees.   )

_____

ORDER AND JUDGMENT[*]

_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

Kevin Eugene Smith, a pro se inmate, brought this 42 U.S.C. § 1983 action against

officials of the Oklahoma Department of Corrections.  Smith alleged his Eighth

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of
Tenth Cir. R. 36.3.

Amendment rights were violated because he was denied the opportunity to use the bathroom prior to being transported to a new facility and he was housed in a cell with a flooded floor and a bunk that sagged to the floor, his procedural due process rights were violated by a change in his security classification without just cause and without a hearing, his right to equal protection was violated because similar inmates were allowed to stay in minimum security, and his First Amendment rights were denied because he was not allowed to attend regular religious services.

Defendants moved for summary judgment. The magistrate court, with the benefit of a Martinez report, recommended that summary judgment be granted. The district court adopted the magistrate court's report and recommendation and granted summary judgment in favor of defendants. The district court found no indication that Smith's treatment rose to such a level of purposeful disregard or deliberate indifference to his personal needs or safety that his Eighth Amendment rights were implicated, and that no reasonable juror could find his rights were violated because of the conditions of his incarceration. With regard to the change in classification, the court noted as a general rule, a prisoner has no legally protected property or liberty interest in a particular security classification or the location of confinement, citing Sandin v. Conner, 115 S. Ct. 2293, 2299, 2301 (1995). The court found the decision to change Smith's classification and to transfer him to another facility was based on uncontroverted motivational and behavioral difficulties. The court also found Smith was given ample opportunity to practice his chosen religion during private sessions conducted by individual ministers.

On appeal, Smith contends issues of material fact were in dispute and the district court erred in granting summary judgment.

We have reviewed the briefs on appeal, the pleadings, the magistrate court's report and recommendation, and the district court's order, and have carefully examined the entire record on appeal. Based upon our review of the record, we find no reversible error and affirm for substantially the same reasons set forth in the district court's order.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3